# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

PATRICIA BOLT,                          )
                                        )
        Plaintiff,             )
                                        )
vs.                                     )    NO. CIV-10-0145-HE
                                        )
IOWA ENTERPRISES D/B/A IOWA             )
MINI-MART, AND BOBBY FIELDS,            )
                                        )
        Defendants.            )

## ORDER

In this case, plaintiff Patricia Bolt asserts claims against Iowa Enterprises d/b/a Iowa Mini-Mart ("Iowa Mini-Mart") and Bobby Fields, who is stated to be the Public Safety Director of the Iowa Tribe of Oklahoma. She asserts claims for discrimination (hostile work environment) and retaliation, based on Title VII of the Civil Rights Act of 1964, the Indian Self-Determination and Education Assistance Act of 1975, and the Federal Tort Claims Act. Both defendants have moved to dismiss, arguing that subject-matter jurisdiction is lacking in this court, as they are protected by the doctrine of sovereign immunity, and that the complaint otherwise fails to state a claim.

The complaint alleges that Iowa Mini-Mart is a "business . . . owned and operated by the Iowa Tribe of Oklahoma." (Compl. ¶ 2.) There is nothing in the complaint (or in plaintiff's response brief) to suggest that Iowa Mini-Mart is any sort of entity separate from the Iowa Tribe itself. As such, the complaint states no basis for avoiding the conclusion that tribal sovereign immunity bars any claims against Iowa Mini-Mart which is, so far as it appears, the Iowa Tribe. Native Am. Distrib. v. Seneca-Cayuga Tobacco Co., 546 F.3d 1288

(10th Cir. 2008); Ramey Constr. Co. v. Apache Tribe of the Mescalero Reservation, 673 F.2d 315, 320 (10th Cir. 1982) (holding that an inn which was a "sub-entity of the Tribe rather than a separate corporate entity" enjoyed tribal immunity). Absent some basis for avoiding the application of the doctrine of sovereign immunity, this court lacks subject-matter jurisdiction over plaintiff's claims and they must be dismissed.[1]

The claims against Mr. Fields are similarly subject to dismissal, though for a somewhat different reason. He urges that he is also protected by sovereign immunity, apparently suggesting that as a tribal official he is also immune from suit.[2] It is true that tribal officials, like the tribe itself, are immune from suit in some circumstances — from suits brought against them in or because of their official capacities. Native Am. Distrib., 546 F.3d at 1296. It is not obvious that the circumstances alleged here — where Fields is alleged to have committed acts of a sexual nature constituting discrimination or creating a hostile work environment — would necessarily fit within the scope of his "official capacity" activities. However, it is unnecessary to belabor the point as, even if sovereign immunity does not apply and the court has jurisdiction, plaintiff's Title VII claim nonetheless fails as a matter of law.[3]

---

[1]*And were the jurisdictional hurdle to be cleared, there is no apparent basis for avoiding the conclusion that plaintiff's claims under Title VII would be barred by the express terms of that law. 42 U.S.C. § 2000e(b)(1) (excepting Indian tribes from the definition of "employer").*

[2]*Defendant Field's motion does not specifically address the applicability of sovereign immunity to him, as opposed to Indian tribes generally, and plaintiff's brief is totally silent on the point.*

[3]*Although the complaint also mentions the Indian Self-Determination and Education Assistance Act of 1975, 25 U.S.C. § 450, and the Federal Tort Claims Act, 28 U.S.C. § 1346(b), plaintiff makes no serious suggestion of a plausible claim under either of those acts.*

Under Title VII, liability is borne by the employer, not by supervisory employees. Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996) (concluding that "personal capacity suits are inappropriate under Title VII").

Accordingly, the motions to dismiss of Iowa Mini-Mart [Doc. #10] and defendant Fields [Doc. #15] are **GRANTED** and the complaint is **DISMISSED**. Plaintiff may file an amended complaint within **ten (10) days** if she believes the indicated deficiencies to be remediable by amendment.

**IT IS SO ORDERED**.

Dated this 10th day of May, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE